

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:          Joel Mallory, Jr v. Arctic Pipe Inspection Company

Appellate case number:     01-12-00979-CV

Trial court case number:   2004-06321-A

Trial court:                        129th District Court of Harris County

Appellant, Joel Mallory, Jr., has filed a motion requesting abatement of this appeal or, alternatively, an extension of time to file his appellate brief. We deny the request for abatement and dismiss the request for extension as moot.

Mallory filed suit in the trial court, under trial court cause number 2004-06321, alleging claims against multiple defendants, including Locker & Lee, P.C., Ace Insurance Company, and appellee, Arctic Pipe Inspection Company. After granting Arctic Pipe's motion for summary judgment, the trial court granted Arctic Pipe's motion for severance and assigned cause number 2004-06321-A to the causes of action against Arctic Pipe. Mallory then filed a notice of appeal, challenging the grant of summary judgment and the severance order.

In support of his request for abatement, Mallory argues that Locker & Lee and Ace Insurance Company are "indispensable parties" to this appeal and that those parties, along with appellee, Arctic Pipe Inspection Company, "should be placed in one appeal," both as a matter of judicial economy and to avoid "contentions that Appellant waived his 'prima-facie' tort." Mallory further argues that, because the trial court's recent order severing his claims against Locker & Lee from the remainder of the case rendered its summary judgment order in favor of Locker & Lee final, we should abate this appeal to provide him with an opportunity to move the trial court to reconsider the severance and the summary judgment granted in favor of Locker & Lee, to place Ace Insurance Company in the same severed cause with Locker & Lee if the trial court denies reconsideration of the severance, and to add Locker & Lee and Ace Insurance Company to this appeal.

Any abatement of this appeal for the purpose of allowing the trial court proceedings involving Locker & Lee and Ace Insurance Company to be resolved would undermine the purpose of the severance sought by and granted to Arctic Pipe. Further, we do not currently know when the trial court will render final judgment as to Mallory's claims against Ace

Insurance Company or Locker & Lee,[1] whether any party will appeal from the trial court's judgment as to those claims, and whether any potential appeal will involve the same issues as this appeal. Accordingly, because any abatement of this appeal would negate the severance granted to Arctic Pipe and would be based on speculation regarding whether any further appeals involving the same issues will be filed, we DENY the request for abatement of this appeal.

Mallory alternatively requests an extension of time to file his brief and states that "it appears the record will require supplementation." Our review of the record has determined that two documents required to be in the record are missing: Mallory's motion for new trial filed August 8, 2012 and Mallory's second amended original petition filed September 28, 2005.[2] *See* TEX. R. APP. P. 34.5(a)(1), (6), (13). Accordingly, the record is not yet complete, Mallory's brief is not yet due, and Mallory's motion for extension of time to file his brief is DISMISSED as moot. *See* TEX. R. APP. P. 38.6(a).

Finally, pursuant to Texas Rule of Appellate Procedure 34.5(c), we ORDER the district clerk to file a special clerk's record containing: (1) Mallory's motion for new trial filed August 8, 2012; (2) any order of the trial court related to the motion for new trial; and (3) Mallory's second amended original petition filed September 28, 2005. *See* TEX. R. APP. P. 34.5(c)(1). The special clerk's record shall be filed in the First Court of Appeals within 20 days of the date of this order.

It is so ORDERED.

Judge's signature: /s/ Harvey Brown
       ☑ Acting individually      ☐ Acting for the Court

Date: May 13, 2013

---

[1] In his motion, Mallory states that, "upon information and belief," the trial court has rendered final judgment on his claims against Locker & Lee, but we have no record evidence in support of this statement.

[2] If any party believes that an additional relevant document has been omitted, the party "may by letter direct the trial court clerk to prepare, certify, and file" a supplemental record containing the omitted item, and the supplemental clerk's record will be filed in this appeal. *See* TEX. R. APP. P. 34.5(b)(4), (c)(1). Because no other documents have yet been requested, however, any additional supplementation will not affect the briefing deadlines in this case. *See* TEX. R. APP. P. 34.5(a)(13), (b)(1), (2), 38.6(a).